McKiNNEY, J.,
delivered tbe opinion of tbe Court.
This was a bill for divorce, by tbe wife, on the ground of her husband’s ill treatment and threatened violence. Before an answer was filed by the husband, the complainant caused her suit to be dismissed, and furnished the money to pay the costs. In her written order to the clerk, directing the dismissal of her bill, she says, she “ thought it best to pursue this course, inasmuch as there are some statements made in the bill contrary to my understanding, and different from what was intended.”
At the ensuing term of the Chancery Court, and after the suit had been dismissed, the Chancellor, on the application of the complainant’s solicitors, made an order that the defendant should pay to each one of the two, the sum of seventy-five dollars, as a fee for his’ services in preparing the bill and attending to the case, for the complainant, up to the dismissal of the suit. From this decree the defendant appealed.
It is clear that the Chancellor had no power to make any such order. First: By sec. 8199 of the Code, “ suits may be dismissed, in writing, out of term time as well as in term.” Under this provision, the present suit was dismissed. The dismissal, in vacation, puts an end to the suit, and terminates the control of the Court over it, as fully as a dismissal in term time. By the dismissal in either mode, by the voluntary act of the parties, the power and jurisdiction of the Court over the parties and the cause are at an end, except to render a judgment for the costs of suit, or to make such orders as may be indispensable to give effect to the dismissal. In this view, the order of the Chancellor was wholly unauthorized.
Secondly. But, this objection aside, the case was not a proper one for such an order.
According to the course of decision in this State, in a divorce case brought by or against the wife, if she be not possessed of sufficient separate property or means of her own, adequate to her support, and to defray the expenses of the suit, she is entitled, as against her husband, to alimony pew- *529 dente lite, and also to such amount of money as shall be necessary to defray the reasonable expenses of the suit, including counsel fees. If this were not so, the wife, destitute of means of her own, would be denied justice. If, however, she has adequate means of her own, no such allowances will be made pending the suit. Bishop on Marriage and Divorce, secs. 571, 572, et seq.
This doctrine is subject, however, to the qualification, that the wife is prosecuting or defending the suit in good faith. If it be apparent, that her suit is without any just or reasonable foundation, and that her cause is prompted by motives of malice, or oppression, towards her husband, no allowance ought to be made to her for any purpose.
The husband is not liable, upon general principles of law, to defray the wife’s expenses of suit, or counsel fees, in such a case. His liability arises out of the incidental power of the Court to provide for enabling the wife to prosecute or defend the suit, whenever a proper case shall be presented.
But where the wife, as actor, has voluntarily and understandingly dismissed her suit, the husband cannot be charged with her expenses of suit or counsel fees ; more especially is this so, where the ground of dismissal is, the probability that the suit was unadvisedly instituted, and cannot be maintained.
Upon the merits of the case, therefore, the order charging the defendant with payment of the wife’s counsel fees, was unwarranted.
The decree must be reversed.